UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ANTHONY HAILEMARIAM,

                                        Plaintiff,

        - against -

NATIONAL PASSENGER RAILROAD
CORPORATION d/b/a AMTRAK and CITY OF
NEW ROCHELLE,

                                        Defendants.
-------------------------------------------------------------x

**OPINION & ORDER**

No. 22-CV-1503 (CS)

<u>Appearances</u>:

Allen J. Rosner
Rosner Russo Shahabian PLLC
Farmingdale, New York
*Counsel for Plaintiff*

Shayna A. Bryan
Sophia Ree
Landman Corsi Ballaine & Ford P.C.
New York, New York
*Counsel for Defendant Amtrak*

<u>Seibel, J.</u>

        Before the Court is Plaintiff's motion to remand.  (ECF No. 20.)  For the following

reasons, the motion is GRANTED.

## I.    **BACKGROUND**[1]

        On January 5, 2022, Plaintiff brought this action in the Supreme Court of the State of

New York, Westchester County, against Defendant National Railroad Passenger Corporation

---

[1] The facts recited herein are drawn from the Complaint.  (ECF No. 3-1 ("Compl.").)  In resolving this motion, the Court treats the facts alleged in the Complaint as true.  *See Fed. Ins. Co. v. Tyco Int'l Ltd*., 422 F. Supp. 2d 357, 391 (S.D.N.Y. 2006) ("When considering a motion to

d/b/a Amtrak ("Amtrak")[2] and the City of New Rochelle (the "City") to recover damages arising

from injuries sustained in a May 17, 2021 fall that he alleges was the result of a defective

condition on property controlled by Defendants.  (Compl. ¶¶ 18-28, 30-44, 46-49.)

On January 12, 2022, Plaintiff served the Summons and Verified Complaint on the City,

(P's Mem. Ex. B), and one week later, the City served its Verified Answer with Cross-Claims,

Request for Supplemental Demand, Demand for a Verified Bill of Particulars, Demand to

Furnish Specific Information, and Notice of Deposition, (*id.* at Ex. C).  Amtrak acknowledged

receipt of the Summons and Verified Complaint on January 25, 2022, (ECF No. 3 ¶ 1), but – per

the affidavit of service filed by Plaintiff, (P's Mem. Ex. D) – was not properly served until

February 9, 2022.  On February 16, 2022, Plaintiff informed Amtrak by letter that Plaintiff's

damages did not exceed $75,000.  (*Id.* Ex. F.)

On February 24, 2022, Amtrak removed the case to this Court based on federal-question

jurisdiction.  (ECF No. 3.)[3]  In its Notice of Removal, Amtrak stated that "Defendant City of

---

remand, the district court accepts as true all relevant allegations contained in the complaint and
construes all factual ambiguities in favor of the plaintiff.") (cleaned up).  In addition, for
purposes of determining whether removal was proper, the Court also considers the exhibits
attached to Amtrak's Notice of Removal, (ECF No. 3), the exhibits attached to Plaintiff's
memorandum in support of his motion to remand, (ECF No. 23 ("P's Mem.")), and the
Declaration of Brian Powers, and attached exhibit, in opposition to that motion, (ECF No. 21-1
("City's Declaration")).  *See Arseneault v. Congoleum Corp.*, No. 01-CV-10657, 2002 WL
472256, at *6 (S.D.N.Y. Mar. 26, 2002) ("The Second Circuit . . . has said that, on jurisdictional
issues, federal courts may look outside the pleadings to other evidence in the record," and
therefore the court considers "material outside of the pleadings" submitted on motion to remand.)
(cleaned up), *reconsideration granted on other grounds*, 2002 WL 531006 (S.D.N.Y. Apr. 8,
2002).

[2] Plaintiff erroneously named Amtrak as the "National Passenger Railroad Corporation"
in the Complaint.  The Clerk of Court is directed to amend the caption to correct the error.

[3] Amtrak represented:

> Defendant Amtrak was created by an Act of Congress, 49 U.S.C. § 24101, et seq.,
> and more than one-half of its capital stock is owned by the United States.  Thus,

New Rochelle consents to the removal of this action," (*id.* ¶ 6), and attached an email from the City to Amtrak indicating the City's consent, (ECF No. 3-4).  Plaintiff now moves to remand the case to state court, arguing that Amtrak's Notice of Removal was procedurally deficient because the City failed to provide written consent to removal within the thirty-day removal period.  (P's Mem.)  Amtrak filed a brief in opposition.  (ECF No. 21 ("D's Opp.").)  Plaintiff did not reply.

## II.   LEGAL STANDARD

An action filed in state court may be properly removed by a defendant if "the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  *Id.* § 1331.  In addition, "[t]he district courts shall . . . have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress [if] the United States is the owner of more than one-half of its capital stock."  28 U.S.C. § 1349.

A defendant seeking removal of a civil action from state court must file "in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  *Id.* § 1446(a).  The notice of removal "shall be filed within 30 days after the receipt by the

---

the above-described action is a civil action of which this Court has original jurisdiction under the provisions of Title 28 U.S.C. § 1331 and § 1349 and is one which may be removed to this Court by Amtrak, pursuant to the provisions of Title 28 U.S.C. § 1441.

ECF No. 3 ¶ 5; *see* 28 U.S.C. §§ 1331, 1349.

defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." *Id.* § 1446(b)(1). "When there are multiple defendants, each defendant has 30 days after its receipt of the initial pleading to file a notice of removal." *UI Acquisition Holding Co. v. Arch Ins. Co.*, No. 19-CV-310, 2020 WL 103509, at *2 (N.D.N.Y. Jan. 9, 2020); *see* 28 U.S.C. § 1446(b)(2)(B).

When an action is removed pursuant to 28 U.S.C. § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action," 28 U.S.C. § 1446(b)(2)(A), a requirement known as the "rule of unanimity." *See Cole v. City of N.Y.*, No. 19-CV-8376, 2020 WL 3618422, at *2 (S.D.N.Y. July 2, 2020). Where a defendant fails to comply with the rule of unanimity, "[c]ourts have very little discretion – if any – to forgive [it]." *L.Y.E. Diamonds Ltd. v. Gemological Inst. of Am. Inc.*, No. 16-CV-3766, 2017 WL 1207839, at *4 (S.D.N.Y. Mar. 31, 2017) (cleaned up).[4]

"A party seeking removal bears the burden of showing that federal jurisdiction is proper." *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 327 (2d Cir. 2011). "[O]ut of respect for the limited jurisdiction of the federal courts and the rights of states," *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007), removal jurisdiction must be

---

[4] There are three recognized exceptions to the rule of unanimity that allow a removing defendant to "forego securing the consent of any co-defendant who:  (1) has not been served with service of process at the time the removal petition is filed; (2) is merely a nominal or formal party; or (3) is not subject to the removed claim, which is a separate and independent claim from those asserted against the non-consenting defendant as defined by 28 U.S.C. § 1441(c)." *Metro. Transp. Auth. v. U.S. Fid. & Guar. Co.*, No. 14-CV-9059, 2015 WL 1730067, at *4 (S.D.N.Y. Apr. 14, 2015) (cleaned up).  Neither party asserts that any of the exceptions apply in this case.

"strictly construed" and any doubts should be resolved against removability, *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002).

## III.  <u>DISCUSSION</u>

Plaintiff argues that this action should be remanded to state court because Amtrak failed to satisfy the rule of unanimity.  Specifically, Plaintiff claims that Amtrak's representation of the City's consent – an email between the Defendants attached to the Notice of Removal – was insufficient to show the City's independent consent under the law in this Circuit, including *Cole v. City of N.Y.*, 2020 WL 3618422, which found an email between counsel insufficient to demonstrate consent, (P's Mem. at 5).[5]  Amtrak responds that the City's email to Amtrak satisfies the rule of unanimity, (D's Opp. at 4-7), *Cole* is inconsistent with the removal statute and Second Circuit case law, (*id.* at 7-10), and, even if the Notice of Removal was deficient, Amtrak cured the defect by submitting the City's Declaration with its opposition brief, (*id.* at 10-12).

The rule of unanimity is strictly enforced in the Second Circuit.  *Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F.Supp.2d 432, 437 (S.D.N.Y. 2006) ("This rule of unanimity is strictly interpreted and enforced.") (cleaned up).  But the Circuit has "not yet advised what form a consent to removal must take," noting only that all co-defendants "must independently express their consent to removal."  *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012).  In the wake of *Pietrangelo*, district courts in this Circuit and District have held that the statute requires "submission by each defendant of written consent unambiguously agreeing to removal."  *Amparo v. City of Yonkers*, No. 21-CV-2672, 2021 WL 2313468, at *1 (S.D.N.Y. May 10, 2021)

---

[5] Citations to this document refer to the page numbers generated by the Court's electronic filing system.

(cleaned up) (collecting cases).  "Even where the removing defendant represents to the Court that the other defendants have consented to removal, the rule of unanimity is not satisfied unless the other defendants either sign the notice of removal or subsequently provide the Court with their unambiguous written consent to removal within the thirty day period." *Rivera v. Avilala*, No. 21-CV-8455, 2021 WL 5513697, at *1 (S.D.N.Y. Nov. 24, 2021) (cleaned up); *see Amparo*, 2021 WL 2313468, at *1 ("It is well established in this Circuit that it is not sufficient for a non-removing defendant to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the Court on its behalf.").

The Court agrees with Plaintiff that *Edelman v. Page*, 535 F. Supp. 2d 290 (D. Conn. 2008), and *Cole* are instructive in resolving the instant dispute.  In *Edelman*, one co-defendant filed a notice of removal without any mention of the other defendants or whether they consented to removal.  535 F. Supp. 2d at 295.  In opposition to plaintiff's motion to remand, defendants argued that they had previously obtained unanimous consent through unfiled email correspondence among the co-defendants.  *Id.*  The court rejected the emails as a form of written consent:

> These emails were directed only to the Defendants' attorneys, not to the court, and they were not filed with the court until the Defendants objected to the Plaintiff's motion to remand.  It has been held that consent communicated among the defendants is insufficient; each defendant must notify the Court of its consent prior to the expiration of the thirty-date period for the removal petition to be timely.

*Id.* (cleaned up).

In *Cole*, the court extended the *Edelman* holding, on nearly identical facts as the instant matter:  co-defendant Amtrak filed a notice of removal, represented in its notice that the other co-defendants consented to removal, and attached an email among the defendants demonstrating consent.  *See* 2020 WL 3618422, at *3.  The Court concluded that this did not satisfy the rule of

6

unanimity because "[t]he email was not directed to the Court and therefore was not sufficient to constitute consent." *Id.* This "failure to comply with the rule of unanimity" was fatal to Amtrak's removal, and the case was remanded. *Id.*

*Edelman* and *Cole* appear to be directly on point and persuasive here, as the email attached to Amtrak's Notice of Removal was between counsel and not directed to the Court, but Amtrak argues that both cases are distinguishable. First, Amtrak argues that *Edelman* is distinguishable because the email representing unanimous consent was not attached to the notice of removal and was instead filed on the docket after the thirty-day deadline. (D's Opp. at 6-7.) That may be so, but the court plainly also found that the removal was defective because the communication was between counsel. Second, Amtrak argues that *Cole* can be distinguished because the email was written by one co-defendant on behalf of another and the removing defendant did not obtain consent from three other co-defendants. (*Id.* at 7-8.) Those were additional reasons the *Cole* court remanded the case, but they do not alter that court's conclusion that an email among defendants, not directed to the court, is insufficient to constitute an independent expression of consent to removal. The email here, nearly identical to the email Amtrak submitted in *Cole*, was among defendants and not directed to the court. (ECF No. 3-4.)[6]

Amtrak also argues that *Cole* ignores the legislative history of Section 1446 and that "[s]uch an overly technical reading of the removal rules has no support in the statutory text and makes no sense as a matter of policy." (D's Opp. at 8.) But *Cole* is entirely consistent with the congressional intent to restrict federal court jurisdiction and preserve the independence of state courts, which is the basis for federal courts' narrow construction of Section 1446 and resolution

---

[6] One can only guess why Amtrak – represented by the same law firm as in *Cole* – would pursue the same course that failed there, rather than taking the elementary precaution of obtaining formal consent from the City.

of doubts against removability.  *See Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994).  Although Amtrak attempts to support its position by citing decisions of the Fourth, Sixth, Eighth, and Ninth Circuits, which find counsel's representation of consent by co-defendants sufficient, (*see* D's Opp. at 7-8 (citing *Mayo v. Bd. of Educ.*, 713 F.3d 735, 742 (4th Cir. 2013); *Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009); *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201-02 (6th Cir. 2004); *Griffioen v. Cedar Rapids & Iowa City Ry.*, 785 F.3d 1182, 1188 (8th Cir. 2015))), this non-binding authority is inconsistent with case law from the Second Circuit and I decline to follow it.  *See, e.g.*, *Gold Town Corp. v. United Parcel Serv., Inc.*, 519 F. Supp. 3d 169, 175 (S.D.N.Y. 2021); *Alleyne v. Wells Fargo Bank, N.A.*, No. 21-CV-9598, 2022 WL 1110489, at *1 (S.D.N.Y. Apr. 12, 2022).

One might rationally argue that *Cole* and *Edelman* are not binding either, and that the result dictated by those cases elevates form over substance.  But even if I might be inclined to agree were I writing on a clean slate, I am not writing on a clean slate.  None of the Circuit cases cited by Amtrak mention the Supreme Court's directive to construe the removal power narrowly, *see Syngenta*, 537 U.S. at 32; *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941), or note, as the Second Circuit has emphasized, the federal courts must "construe removal statutes strictly and resolve doubts in favor of remand," *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 220 (2d Cir. 2013).

Finally, Amtrak argues that even if the Notice of Removal was procedurally deficient, the deficiency has been cured by the City's Declaration, which was attached to Amtrak's opposition brief, that attests to the City's consent to removal.  (D's Opp. at 10-12.)  But Plaintiff fails to cite,

or even acknowledge,[7] binding Second Circuit precedent that plainly states that "[w]here, as here, a properly served defendant fails to provide notice of consent to removal within the thirty-day statutory period, the defendant cannot cure that failure by providing late consent." *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 151 (2d Cir. 2021).  The City was properly served on January 12, 2022, (P's Mem. Ex. B), Amtrak was properly served on February 9, 2022, (*id.* at Ex. D), and Amtrak filed the Notice of Removal on February 24, 2022, (ECF No. 3).  The thirty-day clock for removal ran from February 9, 2022, the day that Amtrak was served, to March 11, 2022.  Amtrak did not file its opposition, or the City's Declaration, until April 8, 2021.  (ECF 16-1.)[8]  The City failed to provide sufficient independent consent during that thirty-day window.  "To read the removal statute as permitting late consent would not only overlook the statute's clear language, but would also undermine the rapid determination of the proper forum, which we have recognized as a goal of the removal procedures." *Taylor*, 15 F.4th at 151.  The City's communication of consent to the Court after the thirty-day period therefore does not cure Amtrak's failure to timely provide such a communication.

---

[7] Federal Rule of Civil Procedure 11 requires that legal contentions advanced by counsel be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  Fed. R. Civ. P. 11(b)(2).  ABA Model Rule of Professional Conduct 3.3(a)(2) prohibits lawyers from "fail[ing] to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel."  By failing to review the latest case law on a subject or by recycling outdated boilerplate, a lawyer risks running afoul of these restrictions.  The Court encourages Amtrak's counsel to more thoroughly review binding legal authority prior to submitting its briefs.

[8] That filing was rejected by the Clerk's office as deficient, and the City's Declaration was re-filed on April 19, 2022.  (*See* ECF No. 21-1.)

IV.     **CONCLUSION**

For the reasons stated above, Plaintiff's motion to remand is GRANTED.  The Clerk of

Court is respectfully directed to amend the caption as set forth in footnote 2 above, terminate the

pending motion, (ECF No. 20), and remand this case to the Supreme Court of the State of New

York, Westchester County.  This opinion and order obviates the need for the bench ruling

scheduled for May 31, 2022.

**SO ORDERED.**

Dated: May 19, 2022
       White Plains, New York

_____
   CATHY SEIBEL, U.S.D.J.